FILED
2017 Sep-12 PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| TIMMY JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case Number: 6:16-cv-01266-JHE |

### MEMORANDUM OPINION[1]

Plaintiff Timmy Johnson ("Johnson") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Johnson timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Johnson filed his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on February 19, 2014. (Tr. 77, 129-41). An administrative law judge ("ALJ") held a hearing on October 28, 2014, (tr. 27-52), and issued an unfavorable decision on February 9, 2015, (Tr. 17-23). The Appeals Counsel denied Johnson's

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

request for review on June 1, 2016. (Tr. 1-3). On that date, the ALJ's decision became the final decision of the Commissioner. On August 3, 2016, Johnson initiated this action. (*See* doc. 1).

Johnson was fifty-four years old at the time of the ALJ's decision. (Tr. 23, 129). Johnson has a twelfth-grade education and has worked in the past as a saw operator and assembler (sub-assembly). (Tr. 47-48, 173). Johnson asserts an amended alleged onset date of April 29, 2013. (Tr. 172). Johnson alleges disability based on arthritis and numbness and pain in his back and legs. (*Id.*).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;
(2)  whether the claimant has a severe impairment;
(3)  whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)  whether the claimant can perform his or her past work; and
(5)  whether the claimant is capable of performing any work in the national

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

3

economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Johnson meet the insured status requirements of the Social Security Act through December 31, 2016, and that Johnson had not engaged in substantial gainful activity since his alleged onset date of April 29, 2013. (Tr. 19). The ALJ next found the claimant had the following "medically determinable impairments:" chronic obstructive pulmonary disease ("COPD"), peripheral neuropathy, hypertension, and affective disorder. (*Id.*). At Step Two, the ALJ found Johnson has no severe impairments (or combination of impairments) because his impairments have nots significantly limited (and are not expected to significantly limit) his ability to perform basic work-related activities for twelve consecutive months. (*Id.*). At Step Three, the ALJ found Johnson did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23). Therefore, finding no need to proceed to the remaining steps in the sequential evaluation

process, the ALJ determined Johnson has not been under a disability and denied Johnson's claim. (Tr. 23).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Johnson challenges the Commissioner's decision, contending the ALJ's determination that Johnson's medically determinable impairments are non-severe is not based on substantial evidence. (Doc. 15 at 6-9). Johnson requests the court remand this action so the ALJ can reconsider Johnson's disability and, specifically for the ALJ to treat Johnson's medically determinable impairments (his COPD, peripheral neuropathy, hypertension, and affective disorder) as "severe" impairments. (*Id.* at 9).

### A. Whether there is substantial evidence to support the ALJ's finding that Johnson has no severe impairments

A claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1512(a) & (c), 416.912(a) & (c) (2016). Specifically, a claimant has the burden to provide relevant medical and other evidence he believes will prove his alleged disability resulting from his physical or mental impairments. *See* 20 C.F.R. §§ 404.1512(a)-(b), 416.912(a)-(b). Focus is placed on the functional limitations caused by the claimant's impairments, not the impairments themselves, which affect the claimant's ability

5

to work. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

An impairment or combination of impairments is not severe if it does not "significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). The severe impairment must have lasted or be expected to last at least 12 months. *See Davis v. Barnhart*, 186 F. Appx. 965, 967 (11th Cir. 2006). An impairment is not severe if it is a slight abnormality causing no more than minimal functional limitations. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). And, a claimant's "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). However, the diagnosis of a medical condition alone does not establish that an individual has functional limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). The severity of an impairment "must be measured in terms of its effect upon the ability to work, and not simply in terms of deviation of purely medical standards of bodily perfection or normality. *McCruter*, 791 F.2d at 1547.

In support of his argument that the ALJ erred when he did not find Johnson's medically determinable impairments are severe, Johnson testified he has pain in his lower back and legs that precludes the heavy labor he did at his previous job as a mobile home builder. (Tr. 38). He testified he cannot sit or stand for very long and that he has pain and swelling in his calves and legs. (Tr. 39-40). Johnson notes he is missing the index finger on his dominant hand, that he lost in an accident years ago. (Tr. 45). He stated that he stopped seeing Dr. Long because he could not afford to pay the doctor or buy the gas to travel to see him. (Tr. 42). Finally, Johnson points to

the fact he has COPD, arguing he is precluded from doing his past work because he must avoid concentrated exposure to extreme heat, wetness, humidity, fumes, odors, dust, gases, and poor ventilation. (Tr. 19, 49-50).

In reviewing Johnson's medically determinable impairments, the ALJ noted that Johnson stopped working in 2013 because the plant where he worked had closed, and he tried, but was unable to find work afterward. (Tr. 20, 36). Such evidence that Johnson stopped working due to business closure as opposed to his physical or mental limitations undermines his allegations that he was unable to work. *Cf. Kemp v. Astrue*, 308 F. Appx. 423, 428 (11th Cir. 2009).

Additionally, the ALJ noted that Johnson stopped receiving treatment in 2013, with no treatment in 2014, and that the most recent treatment prior to that was in May 2004, years before the alleged onset date. (Tr. 21, 219, 244). This lack of routine/consistent treatment supports the ALJ's determination that Johnson's impairments are not severe and that he is not disable. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996). Johnson's argument that he did not obtain further treatment because he could not afford to pay the doctor or travel to appointments does not undermine the ALJ's determination. The ALJ questioned Johnson about his alleged inability to afford treatment, and Johnson testified that he smoked a pack of cigarettes every two days, which other people bought for him at his request, and Johnson admitted that he had not sought help from those people to pay for medical care. (Tr. 44); *see Moore*, 405 F.3d at 1210, 1212 n.4. Johnson also testified that he had not sought emergency room treatment for his alleged pain. (Tr. 42). Furthermore, Johnson does not allege that he sought other free or low cost treatment sources without avail.

An ALJ does not commit error when he considers a claimant's failure to seek treatment or non-compliance with treatment as one factor along with other evidence in making his

7

determination. *See Dyer*, 395 F.3d at 1211. Because, as discussed *infra*, the ALJ provided additional reasons for finding Johnson's impairments, non-severe, the ALJ did not err when he considered Johnson's failure to seek treatment.

As to the ALJ's consideration of Johnson's alleged physical limitations, a radiology report from August 2013, shows no significant abnormalities in the lumbar spine. (Tr. 21, 250). In April 2013, Dr. Johnathan Ledet performed a consultative examination. (Tr. 21, 258-64). Dr. Ledet found no limitations in any areas examined, including cardiovascular, pulmonary, neurological, or ambulation. (Tr. 21, 261-64). Dr. Ledet only found a mild limitation regarding Johnson's left hand function based on a decreased range of motion in one joint of one finger, but noted Johnson had full grip strength after repetitive exercises, no difficulty making a fist, and could dress and undress without difficulty. (Tr. 21, 261-64). Such evidence supports the ALJ's conclusion that Johnson did not have a severe impairment. *See e.g., Stone v. Comm'r of Soc. Sec.*, 586 F. Appx. 505, 512 (11th Cir. 2014).

Additionally, the ALJ properly discounted Johnson's testimony regarding his physical disability based on the lack of significant and consistent treatment and the fact the objective evidence did not support his allegations. (Tr. 20-22); *see Weaver v. Comm'r of Soc. Sec.*, 567 F. Appx. 864, 867 (11th Cir. 2014); *Hoffman v. Astrue*, 259 F. Appx. 213, 217, 219 (11th Cir. 2007). And, as to Johnson's statement that his COPD should be considered severe, the evidence before the ALJ did not reveal any limitations as to basic work activities based on that condition, and Johnson has not shown his COPD caused more than a minimal limitation. The diagnosis of a condition is insufficient to show it is a severe impairment. *See Moore*, 405 F.3d at 1213 n.6.

As to the ALJ's consideration of Johnson's alleged mental limitations, the ALJ found no limitations in Johnson's activities of daily living, no limitation in social functioning, and none in

concentration, persistence, and pace with no episodes of decompensation of extended duration. (Tr. 22). The ALJ considered Johnson's self-reported abilities to drive to town twice per week, shop for groceries, pay bills, watch television, prepare his own meals, and obtain money to pay for $60.00-$75.00 worth of cigarettes per month. (Tr. 22, 35, 39, 44, 180, 183). Dr. Long also provided consultative records from April and May 2014, revealing no psychiatric abnormalities, (tr. 245-49), and, as the ALJ noted, Johnson reported no anxiety or depression in Dr. Ledet's examination. (Tr. 21, 260).

There is substantial evidence to support the ALJ's determination that Johnson does not suffer from a physical or mental severe impairment and, therefore, he was not under a disability.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Johnson's claim for a period of disability, DIB, and SSI is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 12th day of September, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE